PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America
By:     REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
Email: rebecca.martin@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MUENCH PHOTOGRAPHY, INC.,                          :

                Plaintiffs,                    :     **STATEMENT OF INTEREST**
                                                            **OF THE UNITED STATES**
                                               :     **OF AMERICA**
       - v. -
                                               :     09 Civ. 2669 (LAP)
HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY AND RR DONNELLY :    **ECF CASE**
AND SONS COMPANY,
                                               :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        The United States of America ("United States" or "Government"), on behalf of the Register of Copyrights, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, files this Statement of Interest to attend to its interests in this action, pursuant to 28 U.S.C. § 517[1].

---

[1] The Attorney General or any office of the Department of Justice may, by statutory right, attend to the interests of the United States in any suit in which the United States is interested and may conduct or argue any case in which it is interested.  28 U.S.C. § 517.

**PRELIMINARY STATEMENT**

This Court invited the United States Copyright Office to submit a statement "detailing its position on whether the registration of an automated database covers 'any independently authored contribution in which all rights have been transferred to the claimant by the contributors,' as is suggested for registrations of single serial issues and group registrations of newspapers and newsletters in Copyright Office Circulars 62 and 62a, particularly where the individual contributor is not named on the registration form." November 23, 2009 Order at 1-2. The established practice of the Copyright Office since at least 1980 has been to permit the registration of collective works to cover the underlying contributions where the rights in those contributions belong to the claimant even though the individual contributors are not named in the registration form. A review of copyrights registered with the Copyright Office shows that well over 2.5 million serial works – and thus all the underlying contributions whose rights were transferred to the claimant – have been registered in accordance with this practice. As discussed below, automated databases that consist of independently copyrightable contributions qualify as collective works and thus, like all other collective works, may be registered pursuant to registration rules applicable to collective works.

**DISCUSSION**

**1.** **Legal Framework**

The Copyright Act of 1976, as amended (the "Copyright Act" or the "Act") provides that copyright protection may be extended to, <u>inter</u> <u>alia</u>, compilations. 17 U.S.C. § 103(a). Under the Act, a "compilation" is defined to be "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a

2

way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. § 101. A "collective work" is further defined to be "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." Id.

The Copyright Act provides that the copyright in "each separate contribution to a collective work is distinct from copyright in the collective work as a whole," and that "<u>in the absence of an express transfer of the copyright or of any rights under it</u>, the owner of copyright in the collective work is presumed to have acquired only the privilege of reproducing and distributing the contribution as part of that particular collective work, any revision of that collective work, and any later collective work in the same series." 17 U.S.C. § 201 (emphasis added).

From time to time, the Copyright Office issues guidance to the public concerning, <u>inter</u> <u>alia</u>, registration practices in the form of circulars. Declaration of Nanette Petruzzelli ("Petruzzelli Declaration") ¶ 4. In 1983, the Copyright Office issued Circular 62 to provide guidance to the public on the office's practice concerning the registration of serial works – a type of collective work. Petruzzelli Declaration ¶ 4, Exh. B. In every iteration of Circular 62, the circular has stated that the claimant registering a serial may "claim copyright not only in the collective work authorship for which the claimant is responsible but also in any independently authored contributions in which all rights have been transferred to the claimant by the contributors." Id. ¶ 5, Exh's. B (Circular 62 (1983)) at 4 and C (Circular 62 (2008)) at 2. Circular 62 further provides that "[w]hen a serial issue includes independently authored

3

contributions in which all rights have been transferred in writing to the claimant of the entire serial issue, it is not necessary to include the names of the contributors. Whether those contributors are listed or not, the copyright claim in the serial issue as a whole would extend to those contributions." Petruzzelli Declaration, Exh. C (Circular 62 (2008)) at 3. See also Petruzzelli Declaration, Exh. B (Circular 62 (1983)) at 6 ("When a serial issue includes independently authored contributions in which all rights have been transferred in writing to the claimant of the entire serial issue, the names of the contributors may be given in Space 2 of Form SE, but this information is not required. Whether those contributors are listed or not, the copyright claim in the serial issue as a whole would extend to those contributions.").[2]

In addition to issuing regulations concerning, inter alia, the registration of copyrights, see 17 U.S.C. § 702, the Copyright Office maintains administrative staff manuals referred to as the Compendium of Office Practices I ("Compendium I") and "Compendium of Office Practices II" ("Compendium II") for the general guidance of its staff in making registrations and recording documents. See 37 C.F.R. § 201.2(b)(7). Compendiums I and II are available for purchase, as well as inspection and copying. Id. Certain updated and revised chapters are available on the Copyright Office website. Id.

Compendium II was initially completed in 1984 and sets forth the Copyright Office's interpretations of its regulations and of the Copyright Act, as they concern examination and registration of works.[3] 37 C.F.R. § 201.2(b)(7); Petruzzelli Declaration" at ¶ 3. It has been

---

[2] Circular 62a, which contains guidance on the registration of newspapers and newsletters, reflects the same practice. See Petruzzelli Declaration, Ex. D (Circular 62a) at 3.

[3] Compendium II sets forth the Office's practices under the Copyright Act of 1976, which has been in effect since January 1, 1978. The Office's practices under the previous Copyright

cited and relied upon as the Copyright Office's interpretation of the Copyright Act and its regulations in numerous cases, and that interpretation has been accorded deference. See Batjac Prod., Inc. v. Good Times Home Video Corp., 160 F.3d 1223, 1230-31 (9th Cir. 1998); Natkin v. Winfrey, 111 F. Supp.2d 1003, 1010 (N.D. Ill. 2000); Compuserve Corp. v. Serena Int'l Software, Inc., 77 F. Supp. 2d 816, 822 (E.D. Mich. 1999); Jon Woods Fashion, Inc., No. 85 Civ. 3203, 1988 WL 38585, at *2-3 (S.D.N.Y. Apr. 19, 1988); Advanz Behavior Resource Management, Inc. v. Miraflor, 21 F. Supp. 2d 1179, 1183, 1187 (C.D. Cal. 1998); Custom Chrome, Inc. v. Ringer, 35 U.S.P.Q.2d 1714, 1717-18, 1995 WL 405690 (D.D.C. 1995); Micro Consulting, Inc. v. Zubeldia, 813 F. Supp. 1514, 1526 n.11 (W.D. Okla. 1990). See also Shoptalk , Ltd. v. Concorde-New Horizons Co., 168 F.3d 586, 592 (2d Cir. 1999); Langman Fabrics v. Graff Californiawear, 160 F.3d 106, 114-15 (2d Cir. 1998). The Second Circuit has noted more generally that the Copyright Office's interpretation of the requirements of the copyright law is entitled to deference. See Morris v. Bus. Concepts, Inc., 283 F.3d 502, 505 (2d Cir. 2002) ("even where an agency's interpretation of law is not entitled to highly deferential treatment pursuant to Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), an agency interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency") (quoting United States v Mead Corp., 533 U.S. 218 (2001) (internal quotation marks omitted)).

---

Act, the Copyright Act of 1909, are set forth in Compendium I.

In 1988, Compendium II was revised to reflect, inter alia, the Copyright Office established practice with respect to registration of collective works and, in relevant part, provides as follows:

> **615.06 Name of author: collective work authorship**.
> A "collective work" is a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole. See 17 U.S.C. § 101. Where a collective work is being registered, the application should name the author of the collective work. The names of the individual authors of separate contributions being registered as part of the claim need not be given on the application. The registration may cover (a) the collective work authorship, (b) any contribution created by the employee or other party commissioned by the author of a work made for hire, and (c) any other contributions that the claimant of the collective work obtained by transfer.

**2.   The Copyright Office Has Registered Over 2.5 Million Collective Works Pursuant to Long-Established Practice**

Since at least 1980, the Copyright Office has registered collective works to include within the scope of a single collective work copyright registration all of the constituent works in a collective work regardless of whether the authors of such works were listed on the registration form so long as all the rights to such works had been transferred to the claimant. Petruzzelli Declaration ¶ 3. Since 1981, the Copyright Office has registered at least 2,501,435 collective works pursuant to this practice, and in so doing has extended copyright registration to many additional millions of constituent works owned by the claimants.[4] Petruzzelli Declaration

---

[4] The actual figure is greater than 2,164,347. The Copyright Office does not keep separate statistics on the number of collective works registered. However, the Office does keep statistics on the number of serials that have been registered, and the Office's records indicate that 2,164,347 serials were registered from Fiscal Year 1984 through 2009. Serials are merely a subset of collective works. Petruzzelli Declaration ¶ 7.

¶ 7.

Section 615.06 of Compendium II makes the practice concerning registration of collective works explicit. The provision is general in nature and does not exclude any particular type or types of works from its scope. See Compendium II § 615.06. Courts have routinely recognized the validity of such copyright protection. See, e.g., Morris v. Business Concepts, Inc., 259F.2d 65, 68 (2d Cir. 1001) ("Under the law of this Circuit, where the owner of a copyright for a collective work also owns the copyright for a constituent part of that work, registration of the collective work is sufficient to permit an infringement action under § 411(a) for the constituent part"), modifed on other grounds, 283 F.3d 502 (2d Cir. 2002); Woods v. Universal City Studios, Inc., 920 F. Supp. 62, 64 (S.D.N.Y. 1996) (registration of copyright for collective work satisfies requirements of 17 U.S.C. § 411(a) to bring copyright infringement action based on constituent parts where owner of copyright for collective work also owns constituent parts).

3. **Where Automated Databases Are "Collective Works," the Copyright Office Applies the Registration Practices Set Forth in Section 615.06 of Compendium II**

Where automated databases constitute "collective works," the copyright registration of such databases extends to the underlying contributions so long as the claimant of the collective work is the owner of such contributions even where the contributions are not separately identified on the registration form.

An automated database is "a body of facts, data, or other information assembled into an organized format suitable for use in a computer and comprising one or more files." Circular 65 at 1. See, e.g., Comcast Cable Communications Corp., LLC v. Finisar Corp., No. 06 Civ. 04206, 2007 WL 1052821, at *4 (N.D. Cal. Apr. 6, 2007) ("A 'database' is defined as 'a

structured collection of data held in computer storage'") (citing Oxford English Dictionary (2d. ed. 2001). A straightforward reading of the Copyright Act shows that databases may be considered copyrightable as a form of compilation, i.e., "formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship," or as a form of "collective work" where it includes contributions that are "separate and independent works in themselves." 17 U.S.C. § 101. Courts have held that such databases are copyrightable either as compilations or as collective works. See, e.g., West Publishing Co. v. Mead Data Central, Inc., 799 F.2d 1219 (8th Cir. 1986), cert. denied, 479 U.S. 1070 (1987) (West's arrangement of legal decisions entails enough intellectual labor and originality to receive copyright protection); Montgomery County Ass'n of Realtors, Inc. v. Realty Photo Master Corp., 878 F.Supp. 804, 810 (D.Md. 1995) (holding that "arrangement of the information in MCAR's MLS [automated] database, 'possesses at least some minimal degree of creativity'" and is thus copyrightable) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991)). Cf. Tasini v. New York Times Co., 206 F.3d 161, 169 (2d Cir. 2000), aff'd, 533 U.S. 483 (2001) (holding that database containing individually retrievable articles is a "new anthology" or "different collective work").

Thus, where a database consists of, for instance, uncopyrightable facts or numbers, the database may be protectable as a compilation. However, a database consisting of independently copyrightable works, such as photographs or newspaper articles, may constitute a collective work under the Copyright Act. Because the practices set forth in Compendium II, § 615.06 apply to all collective works – regardless of type – those registration practices apply to the

8

registration of a database that qualifies as a collective work. Accordingly, pursuant to this long established practice, the registration of an automated database need not identify the constituent parts of the database in order for those parts to be covered under the copyright registration of the database as a collective work.[5]

Dated: January 19, 2010  PREET BHARARA
       New York, New York  United States Attorney

By:   /s/
REBECCA C. MARTIN
Assistant United States Attorney
United States Attorney's Office
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2714
Email: rebecca.martin@usdoj.gov

---

[5] While Circulars 62 and 62a only apply to serial works and newspapers and thus do not apply to automated databases, the registration practices reflected in those circulars are derived directly from section 615.06 of Compendium II.