Kenneth A. Plevan
J. Russell Jackson
Mary E. Rasenberger
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036 – 6522
Phone: (212) 735-3410
Fax: (212) 777-3410

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUENCH PHOTOGRAPHY, INC.,<br><br>        *Plaintiff*,<br><br>- v -<br><br>HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and R.R. DONNELLEY & SONS COMPANY,<br><br>        *Defendants*. | ECF CASE<br>ELECTRONICALLY FILED<br><br>09-CV-2669 (LAP) (JCF) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................3

I.  Section 409 Of The Copyright Act Unambiguously Requires Every Registration Application To Identify The Author And Title Of The Work Being Registered And No Other Provision Creates An Exception To That Requirement For Database Registrations ..........................................................................................................3

   A.  Section 103 of the Copyright Act Cannot be Used to Extend a Database Registration to Cover the Contributions of Anonymous Authors .........................3

   B.  The Government's Statement of Interest Does not Identify an Applicable Exception to Rule 409 ...............................................................................................5

II. Under Section 408 Of The Copyright Act, Corbis Could Not Register Plaintiff's Works Because It Was Not The Owner Of The Copyrights Or Of Any Exclusive Rights In The Images At The Time Of Registration .........................................................7

III. The Court Should Reject Plaintiff's Efforts To Cast Section 409 As A Statutory Nullity Not Worthy Of Strict Enforcement ....................................................................9

CONCLUSION ...............................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*, 364 F.3d 884 (7th Cir. 2004) ..............5

*Bean v. McDougal Littell*, 669 F. Supp. 2d 1031 (D. Ariz. 2008)..................................................8

*Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87 (2d Cir. 2005)..................................9

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)..............................5

*Christensen v. Harris County*, 529 U.S. 576 (2000)......................................................................6

*Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991).................................................................6

*Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144 (1991) .......................6

*Schor v. Abbott Laboratories*, 457 F.3d 608 (7th Cir. 2006) .........................................................9

*Schweiker v. Hansen*, 450 U.S. 785 (1981)....................................................................................6

*United States v. Mead Corp.*, 533 U.S. 218 (2001) .......................................................................6

**STATUTES AND RULES**

17 U.S.C. § 103................................................................................................................................1, 4

17 U.S.C. § 106................................................................................................................................2, 7, 8

17 U.S.C. § 408................................................................................................................................2, 7, 8

17 U.S.C. § 409......................................................................................................................*passim*

37 C.F.R. §202.3(a)(3) .....................................................................................................................8

Fed.R.Civ.Proc. 12(b)(6)................................................................................................................1, 10

Defendants Houghton Mifflin Harcourt Publishing Company and R.R. Donnelley & Sons Company (collectively, "Defendants") respectfully submit this Reply Memorandum in Support of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

In their Motion to Dismiss ("Motion" or "Mot."), Defendants identified a fatal flaw in Plaintiff's attempt to use Corbis database registrations as effective registrations for Plaintiff's works: the Corbis registrations do not identify the author or titles of the allegedly infringed photographs. Thus, these registrations are invalid as to those photographs under 17 U.S.C. § 409 of the Copyright Act, which requires registrants to set forth the name of the author and the title of the work(s) being registered.

In its Response, Plaintiff does not dispute that the controlling statute clearly and unambiguously requires the inclusion of the author's name and the title of the work. Instead, Plaintiff devotes most of its Response to unavailing attempts to stretch statutory provisions or Copyright Office rules to provide Plaintiff with what they clearly do not (and cannot) provide—a basis for ignoring Congress's clearly enumerated statutory registration requirements.

For example, Plaintiff attempts to argue that courts have used 17 U.S.C. § 103 to extend collective work registrations to unidentified contributions from anonymous authors. As Defendants pointed out in their Motion, and Plaintiff completely ignores in its Response, with one possible exception the cases Plaintiff relies on all concerned contributions from the same author who created the collective whole, which is the type of scenario explicitly contemplated in section 103. Plaintiff also ignores that the one possible exception rested on a faulty interpretation of the purpose of deposit copies—also a point discussed in Defendants' Motion and left unanswered in Plaintiff's Response. Thus, rather than address Defendants' discussion of

these cases, Plaintiff simply ignores the fact that these cases do not support its position, and then cites them for support anyway.

Plaintiff also attempts to turn the Government's Statement of Interest (the "Government's Statement") in this case into something that it is not. According to Plaintiff, the Government's Statement demonstrates that the database registrations here may be properly applied to Plaintiff's works, despite the failure to comply with section 409. What the Government's Statement actually demonstrates is that there are no Copyright Office rules, Circulars, or even internal manuals, that discuss the treatment of database registrations in the manner Plaintiff advocates. Indeed, the Government's Statement also fails to provide any insight into the central issue here: how can the Copyright Office properly consider a registration that clearly does not satisfy the statutory registration requirements valid?

Finding no support for an applicable exception to the requirements of section 409, Plaintiff also offers the superfluous argument that Corbis had the power to register Plaintiff's works via temporary transfers of title in the images or copyrights "solely for the purpose of copyright registration." First, this argument is superfluous because regardless of whether Corbis *could* have registered the works, it failed to set forth the author and titles of Plaintiff's works in the database registrations. Either way, the registrations do not comply with section 409 as applied to the images here. Second, Plaintiff in any event still fails to provide any authority for finding that a temporary transfer "solely for the purpose of copyright registration" amounts to a transfer of an exclusive right under copyright (*see* 17 U.S.C. § 106) sufficient to satisfy 17 U.S.C. § 408's requirement that only the owner of a copyright or an exclusive right under copyright may act as a registrant.

2

Finally, Plaintiff takes the extraordinary step of asking this Court to ignore the clear terms of the statute simply because the registration system that is the result of that statute is allegedly imperfect. Defendants are aware of no authority for that proposition, and Plaintiff offers none.

In sum, Plaintiff's Response leaves section 409 essentially untouched. Plaintiff's discussions of inapposite case law, regulations pertaining to inapposite forms of collective works, and registration procedures apparently developed in private discussions with the Copyright Office, but never formalized or published by the Copyright Office, do not alter the fact that in 17 U.S.C. § 409 Congress mandated that all registrations *must identify* the author and title of the work being registered. The registrations here do not, therefore, they are invalid as to those works. The Complaint should be dismissed.

## ARGUMENT

**I.   Section 409 Of The Copyright Act Unambiguously Requires Every Registration Application To Identify The Author And Title Of The Work Being Registered And No Other Provision Creates An Exception To That Requirement For Database Registrations**

Section 409 of the Copyright Act states clearly that: "The application for copyright registration . . . *shall* include . . . (2) . . . the name and nationality or domicile of the author or authors. . . (6) the title of the work. . . . " 17 U.S.C. § 409 (emphasis added). Plaintiff attempts in its Response to find authority—via case law and Copyright Office practice as described in the Government's Statement of Interest in this case—for the proposition that this Court is free to ignore this unambiguous statute. Plaintiff's efforts fail.

**A.   Section 103 of the Copyright Act Cannot be Used to Extend a Database Registration to Cover the Contributions of Anonymous Authors**

Rather than address why section 409's unambiguous requirements do not apply here, or identify a statute that creates an exception to section 409 for the database registrations at issue

3

here, Plaintiff misconstrues several cases as support for the faulty proposition that 17 U.S.C. § 103 provides support for extending the registration of a collective work to the unidentified works of anonymous contributors to the collection. (Resp. 16-19.) Section 103, by its own terms, clearly allows for no such exception, and the cases Plaintiff mistakenly relies upon also do not (and, indeed, they could not without directly misreading an unambiguous statute) create such an exception.[1]

In their Motion, Defendants discussed at length the cases Plaintiff relies on in its Response for this point. (Mot. 5-7.) In its response, Plaintiff ignores the distinguishing points identified in Defendants' Motion. Plaintiff simply sets forth each of the cases discussed in Defendants' Motion and argues that they stand for the following proposition: "It is clear that courts have not strictly construed 17 U.S.C. § 409 requirements in evaluating the validity of copyright registrations." (Resp. 18-19.) These cases do not support this proposition; and, to the extent any court did ignore the express, unambiguous section 409 requirements, its precedent should not be followed.

First, as Defendants established in their Motion, the cases Plaintiff relies on simply apply section 103 to constituent works contributed by a single author of a collective work, which is entirely consistent with both sections 103 and 409. (*See* Mot. 5-7; 17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the author of such work . . . ").) None of the cases Plaintiff discusses relies on section 103, contrary

---

[1] Plaintiff also devotes a significant portion of its Response to the argument that the registrations should be considered valid under application of an innocent error rule. (Resp. 13-16.) This argument misses the point completely. Defendants have not argued that there is an error or omission in the registrations. The registrations are database registrations—complete and no doubt perfectly valid for the subject databases. Defendants are only arguing that Plaintiff cannot co-opt these database registrations for its own purposes, not that the registrations themselves exhibit an error or are themselves somehow invalid.

to its plain meaning, to extend a registration to the contributions of anonymous authors who were not the single author of the collective whole.

Second, even if Plaintiff could identify a case or Copyright Office rule that had reached such a conclusion, this Court could not follow that decision or apply that rule. The statute is clear and that alone settles the issue. Statutes cannot be contravened by agency regulations. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984); *see also infra* 6. Nor are the federal courts a vehicle for avoiding the application of a statute:

> In a system of case law there is a tendency . . . for a drift away from the language of a statute or a rule, with cases increasingly quoting previous cases rather than returning to the language and purpose of the provision underlying the judge-built superstructure. Sometimes there are compelling reasons for such a drift but often it is due just to imprecision of paraphrase.

*Am. Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004). A "drift away" from the explicit language of the statute is exactly what Plaintiff advocates here.

### B. The Government's Statement of Interest Does not Identify an Applicable Exception to Rule 409

Contrary to Plaintiff's contention in its Response (Resp. 19-20), the Government's Statement offers nothing helpful to Plaintiff's position. The Government's Statement does not address the application of section 409 to the type of "database" registrations at issue here. It does not discuss the rules and practices specifically developed for registering databases (*see, e.g.*, Copyright Office Circular 65 (available at http://www.copyright.gov/circs/circ65.pdf)), which make no mention of such database registrations covering pre-existing, included works of unidentified third party authors. Most importantly, it does not discuss how the Copyright Office can approve of registration procedures that conflict with an unambiguous statute. Instead, it simply describes historic Copyright Office rules and practices applicable to serial works,

5

newspapers, and anthologies—works that bear no resemblance to the databases at issue here. (*See* Government's Statement 6, 8-9, n.5.)

Nonetheless, even if the procedures for newspapers and anthologies could be deemed to permit the extension of a database registration to unidentified third party works, the Court cannot extend these Copyright Office practices in a manner that directly conflicts with the controlling statute.[2]  *See United States v. Mead Corp.*, 533 U.S. 218, 229 (2001) (a court "is obliged to accept the agency's position *if* Congress has not previously spoken to the point at issue and the agency's interpretation is reasonable" (emphasis added)); *see also Christensen v. Harris County*, 529 U.S. 576, 588 (2000) (no deference owed to agency actions that conflict with the governing statute); *Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 157 (1991) ("some weight" is due to informal interpretations though not "the same deference as norms that derive from the exercise of . . . delegated lawmaking powers"); *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (SSA manual did not carry legal force); *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991) ("[I]ntra-office manuals, unlike official regulations, have no legal force").

Nothing cited in Plaintiff's Response or the Government's Statement affects the unambiguous requirements of section 409.  This Court should dismiss this case because the face of the Complaint establishes that the registrations Plaintiff relies upon did not satisfy those requirements as to Plaintiff's works.

---

[2]   This is especially true here given that these practices were not even vetted through a proper notice and comment period, but ultimately appear to emanate from an internal Copyright Office manual (*see* Government's Statement 4-6 (discussing *Compendium II*).)

## II.   Under Section 408 Of The Copyright Act, Corbis Could Not Register Plaintiff's Works Because It Was Not The Owner Of The Copyrights Or Of Any Exclusive Rights In The Images At The Time Of Registration

Plaintiff's argument that Corbis owned sufficient rights in the images at the time of registration to register those works has no bearing on the core issue here: the fact that the registrations at issue do not meet the requirements of section 409 when applied to Plaintiff's works.  Accordingly, regardless of what status Corbis had at the time it registered its databases, those registrations did not provide the information required for the registration of the works at issue here.  17 U.S.C. § 409.

Nonetheless, Plaintiff's Response fails to identify a statute or Copyright Office regulation that would permit a finding that the temporary transfer of legal title in an image or a copyright "solely for the purpose of copyright registration" is equivalent to any of the exclusive rights enumerated in 17 U.S.C. § 106, or is sufficient to meet the requirements of section 408 despite not involving the transfer of an exclusive right under the Copyright Act.  Instead, Plaintiff mistakenly relies on the argument that the Copyright Office sanctioned this transfer via a series of private discussions with stock photography industry insiders (Resp. 8), and the argument that a temporary transfer for registration purposes only is sufficient.[3]

The private discussions between the Copyright Office and Ms. Wolff, in which, Plaintiff argues, the Copyright Office "essentially approved" the transfer methods employed here, are not

---

[3]   Plaintiff also offers "affirmations" from Marc and David Muench (*not* Corbis) regarding the supposed intent of the transfers.  (Resp. 12.)  The transfers here are not ambiguous and no such external evidence should be considered.  The transfers purported to transfer either legal title in the images or the copyrights "solely for the purpose of copyright registration."  Defendants are only arguing that such a limited transfer is not sufficient to satisfy the relevant statutory provisions and Copyright Office regulations.  Defendants are not challenging the validity or interpretation of the transfers themselves, which are fairly clear and straight-forward, but rather their effect *vis a vis* the registration requirements of the Copyright Act.

a sufficient basis to ignore the requirements of the Copyright Act. (*Id.*) As Defendants set forth in their Motion, the Copyright Act clearly requires that only the holder of a right under copyright may register a work. (Mot. 11-14 (discussing sections 408 and 106 of the Copyright Act and the misinterpretation of this issue by the court in *Bean v. McDougal Littell*, 669 F. Supp. 2d 1031 (D. Ariz. 2008)). In its Response, Plaintiff fails to address the fact that the transfers here clearly did not transfer any of the rights enumerated in section 106. According to the unambiguous terms of the transfers, Corbis could not do anything with the copyrights except register them. The limited right to register a copyright is not one of the exclusive rights enumerated in 17 U.S.C. § 106.

Plaintiff also fails to offer support for reading the footnote to 37 C.F.R. § 202.3(a)(3) in a manner that contradicts the statute. Indeed, Plaintiff simply asserts, without *any* authority, that "the phrase 'solely for purposes of copyright registration' . . . parallels the 'application for copyright registration' language in the regulations' footnote." (Resp. 9.) This unsupported assertion should be afforded no weight, not only because it lacks support, but also because it conflicts with the far more appropriate interpretation that the footnote is consistent with the rule and the underlying statute (*i.e.*, the owner of an exclusive right under copyright may register that copyright).

The temporary transfers from Marc and David Muench to Corbis "solely for the purpose of copyright registration" were not sufficient to qualify Corbis as a claimant. More importantly, *even if they were sufficient*, it would have no bearing on Defendants' Motion. Regardless of whether Corbis was a proper claimant or not, the registrations at issue did not satisfy the requirements of 17 U.S.C. § 409.[4]

---

[4] Plaintiff also asserts that Defendants are estopped from arguing that Corbis was not a proper claimant under 37 C.F.R. 202.3(a)(3) after the ruling in the *Bean* case. (Resp. 11.) The Court should reject Plaintiff's assertion because Plaintiff makes no effort to explain how each

*(cont'd)*

8

### III. The Court Should Reject Plaintiff's Efforts To Cast Section 409 As A Statutory Nullity Not Worthy Of Strict Enforcement

Plaintiff argues that Congress's original goal of creating an informative registration system, which ultimately depends on adherence to section 409, is "not a reality," and that therefore, the statutory provisions Congress implemented in support of that system need not be enforced. (Resp. 21.) Plaintiff's argument is this: because a system created by a statute has faults (which would only be aggravated if Plaintiff were allowed to rely on the Corbis database registrations here), the courts need not apply the statute as written. (*See* Resp. 21-23.) Obviously, Plaintiff has no support for such an absurd proposition. Instead, Plaintiff cites to the Copyright Office practice of destroying deposit copies after a certain period of time. (*Id.*) As discussed in Defendants' Motion and above, deposit copies have nothing to do with what is covered under a registration. (Mot. 6-7.) Moreover, Plaintiff dramatically overstates the inadequacies of the Copyright Office records, stating without basis that they serve as a "poor catalog." (Resp. 22.) That is simply not the case, as anyone who regularly uses the records will attest. In any case, that is not an issue for this Court to address—the fact that the copyright registration system is not perfect is not justification for ignoring the statutory provisions enacted to create that system.[5]

---

*(cont'd from previous page)*
element of estoppel is met here. *See Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 93 (2d Cir. 2005) ("'The party asserting collateral estoppel bears the burden of demonstrating that it is entitled to this relief.'" (citation omitted)). Moreover, the *Bean* decision resolved a motion to dismiss, and a ruling on a motion to dismiss is not a final decision for estoppel purposes. *See, e.g.*, *Schor v. Abbott Laboratories*, 457 F.3d 608, 614-615 (7th Cir. 2006) (stating that the denial of a motion to dismiss is not a final decision).

[5]  Plaintiff also misconstrues the legislative history, ignoring the fact that the quoted language from that history also states that the provisions of section 409 are intended to allow the Register to "make a meaningful record of registration." (Resp. 22, n. 56.)

9

Finally, this Court should also not credit Plaintiff's unsupported argument that the statute should not be enforced as written because that would affect "tens of thousands of photographs, if not more." (Resp. 8 n.10.) Setting aside the lack of authority for that speculation, Plaintiff has once again missed the point. No photographs will be affected by the Court's decision, because any photographs included on such databases were never registered via those registrations. If it applies the statute, the Court would not be revoking registrations, nor would it be limiting the ability of photographers to register. Indeed, as Plaintiff points out itself, enforcing section 409 would not alter the status of Plaintiff's photographs as works protected by copyright. (Resp. 21.) It would only require Plaintiff to secure valid registrations prior to instituting an infringement suit. Plaintiff has not yet secured valid registrations, therefore, the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 5, 2010

Respectfully submitted,

  /s/  Kenneth A. Plevan  
Kenneth A. Plevan  
Kenneth.Plevan@skadden.com  
J. Russell Jackson  
Russell.Jackson@skadden.com  
Mary E. Rasenberger  
Mary.Rasenberger@skadden.com  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
Four Times Square  
New York, NY 10036 – 6522  
Phone: (212) 735-3000  
Fax: (212) 735-2000  

*Attorneys for Defendants*