UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MUENCH PHOTOGRAPHY, INC.,

                Plaintiff,

    v.

HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY and
R.R. DONNELLEY & SONS COMPANY

                Defendants.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/10

09-CV-2669 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Chief United States District Judge:

On May 4, 2010, the Court granted in part and denied in part Defendants' motion for summary judgment.[1] See Muench v. Houghton Mifflin Harcourt Publ'g Co. & R.R. Donnelley & Sons Co., 09-CV-2669 (LAP), 2010 WL 1838874 at *9 (S.D.N.Y. May 4, 2010). The facts and procedural history of this case are set forth in the Court's prior opinion in this case, (the "Opinion"), familiarity with which is assumed. Id. Plaintiffs have now moved for reconsideration and reargument of the Opinion pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3, claiming (1) that the Court did

---

[1] Originally, Defendants had filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, however, the Court converted Defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Muench v. Houghton Mifflin Harcourt Publ'g Co. & R.R. Donnelley & Sons Co., 09-CV-2669 (LAP), 2010 WL 1838874 at *9 (S.D.N.Y. May 4, 2010).

not consider 17 U.S.C. § 411(b) as a controlling statute and (2) that Plaintiff's supplemental registration certificates from the Copyright Office amounts to newly discovered evidence. For the following reasons, the motion is GRANTED in part and DENIED in part. As explained herein, the ultimate conclusions of the Opinion stand as previously ordered.

LEGAL STANDARD

Motions for reconsideration are strictly evaluated and generally are "denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

DISCUSSION

1. 17 U.S.C. § 411(b)

Plaintiff's motion for reconsideration is GRANTED insofar as it points out that the Opinion omitted reference to 17 U.S.C. § 411(b) in discussing the effect of Corbis Corporation's ("Corbis") omission of the authors' names or titles of the images on its collective works registration was a mere

2

"inaccuracy" that does not render the individual images unregistered under the Copyright Act.

Upon reconsideration, the motion to vacate the Court's Order is DENIED, as is the motion to reargue. Plaintiff's motion argues that the Court should have held that section 411(b) of the Copyright Act "saves" its registration because the omission of Plaintiff's name and the title of its images from the compilation application is a mere "inaccuracy." (See Pl. Mot. to Reconsider at 3-6). Plaintiff is essentially asking the Court to read section 411(b) in a way that strains the plain meaning of the words. The Court declines to do so.

Section 411(b) preserves registrations that suffer from some inaccuracy in the registration application provided that (1) the inaccuracy was included without knowledge that the information was inaccurate and (2) the inaccuracy would not have caused the Register of Copyrights to refuse the registration. See 17 U.S.C. §411(b).[2] Section 411(b), however, does not affect the result here.

---

[2] 17 U.S.C. § 411(b) reads:

(b)(1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--

    (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

    (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

3

Although Plaintiff's reading of section 411(b) is correct as applied to registration applications that contain unintentionally inaccurate information, see 17 U.S.C. § 411(b), the Court has found already that Corbis submitted an accurate compilation registration application. See Muench, 2010 WL 1838874 at *9. Thus, that registration does not come within the ambit of section 411(b). Plaintiff's contention that the application was meant to cover each individual work and failure to include those names was an "inaccuracy", (see Pl. Mot. to Reconsider at 7), is unpersuasive. This Court will not read section 411 so broadly as to save "intended" registrations that never were presented to the Copyright Office to begin with. Accord Alaska Stock v. Houghton Mifflin Harcourt Publ'g & R.R. Donnelley & Sons Co., 3:09-cv-0061-HRH (D. Alaska Sept. 21, 2010). Omission of the authors name, image title, and connection between the two is not a mere inaccuracy; it is an entire failure to comply with the requirements of section 409. Plaintiff's reliance on section 411(b) therefore cannot be a basis on which to vacate the Court's order.

The analogous facts and identical holding in the recent decision Bean v. Houghton Mifflin Harcourt Publishing Co., CV10-

---

(2) In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.

4

8034-PCT-DCG, 2010 WL 3168624 (D. Ariz. Aug. 10, 2010), further reinforces the Court's reasoning. There, plaintiff also sought relief based on defendant's alleged overuse of Plaintiff's photographs under its licensing agreement. Id. at *1. The plaintiff in Bean also contracted with Corbis to license the use of his 150 photographs and transferred ownership rights of those images to Corbis for the purpose of registering the images with the Copyright Office. Id. Corbis then registered six compilations, each of which contained some of plaintiff's photographs. Id. Five of the compilation registrations neither mention plaintiff as an author nor include the titles of his images. Id.

The Bean court held that section 411(b) did not save plaintiff's intended registration. Id. at *3. The court reasoned that "§ 411 is intended to save otherwise valid registrations that contain unintentionally inaccurate information." Id. That section, however, cannot be read to "save the thousands of attempted registrations . . . [that] failed to comply with the requirements of § 409 almost completely." Id. The court went on to conclude that "the plain language of §411 applies to inaccuracies in otherwise valid applications, not to complete omissions of information necessary to determine what work was being copyrighted." Id. at *4.

5

Plaintiff in the present case also argues that section 411(b) is somehow broader than the "innocent error rule." (See Pl. Reply Mem. at 3). Plaintiff claims that while the "innocent error rule" operates in a limited way to "'save a copyright registration that suffers from some technical defect such as a misspelling or accidental omission of information,'" (Id.) (quoting Muench, 2010 WL 1838874 at *9), section 411(b) "contains no such limitation on the type of defect that can be cured." (See Pl. Reply Mem. at 3.) Plaintiff's argument that the "innocent error rule" only saves technical defects while section 411(b) saves any omission or inaccuracy, (See Pl. Reply Mem. at 3), is unpersuasive, especially in light of a statement in Plaintiff's Opposition Memorandum to the Motion to Dismiss, wherein Plaintiff concedes that the two are essentially the same. (Pl. Opp'n Mem. at 14) (the "[innocent error rule] was recently codified in an October 2008 amendment to section 411 of the Copyright Act . . . ."). In any event, the Court need not decide whether section 411(b) is broader than the "innocent error rule" because, as discussed above, Plaintiff's argument fails under either standard. The "inaccurate information" that Plaintiff contends should be saved by section 411(b) is much more than inaccurate; it is a lack of <u>any</u> information. Cf. Morris v. Bus. Concepts, Inc., 259 F.3d 65, 72 (2d Cir. 2001).

    2. <u>Misstatements of Relevant Caselaw</u>

At some length, Plaintiff argues that this Court erred, in the Opinion's dicta, in analyzing case law and regulatory material dealing with the registration of collective works. (See Pl. Mot. to Reconsider at 15-18). However, Plaintiff cites to no new decisions that would change the Court's rationale. In short, Plaintiff's argument boils down to nothing more than a disagreement with the Court's analysis and is thus not appropriate for consideration on a motion to reconsider. See U.S.A. Certified Merchs., L.L.C. v. Koebel, 273 F. Supp. 2d 501, 505 (S.D.N.Y. 2003) ("[A] motion for reconsideration is not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion.").

### 3. Supplemental Registrations

Plaintiff also asks the Court to vacate its order on the grounds that Plaintiff has now received a corrective supplemental registration certificate from the Copyright Office that has mooted the registration issue completely. (See Pl. Mot. to Reconsider at 19). Plaintiff argues that since the date on the "supplemental registration" is the same as that on the original compilation registration, under Rule 60(b)(2) of the Federal Rules of Civil Procedure, the supplemental registration certificates amount to "newly discovered evidence" because Plaintiff "could not reasonably have discovered the necessity of

7

securing them prior to the Court's ruling." (See Pl. Mot. to Reconsider at 19-20). This argument warrants little discussion as Plaintiff could have easily registered the works individually or as a compilation in its own name in the first instance. And in fact, Plaintiff has done exactly that in the past. Muench, 2010 WL 1838874, at *10 n.3. Further, this evidence was not newly discovered but is rather, a newly discovered legal necessity insufficient to meet the requirements of either Rule 60(b)(2) or 60(b)(6) of the Federal Rules of Civil Procedure. ed. See, e.g., Madonna v. United States, 878 F.2d 62, 64 (2d Cir. 1989) (action under Rule 60(b)(2) is properly based on new evidence of fraud or mistake discovered after trial).

CONCLUSION

Plaintiff's motion for reconsideration and rehearing is GRANTED in part and DENIED in part. The conclusions of the Opinion remain undisturbed. The parties shall confer and inform the Court how they propose to proceed.

SO ORDERED.

Dated: New York, New York
September 27, 2010

*Loretta A. Preska*
LORETTA A. PRESKA,
CHIEF U.S.D.J.